UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANCISCO DANIEL J.L.,

Petitioner,

v.

CHRISTOPHER CHESTNUT, ET AL.,

Respondents.

No. 1:26-CV-07191-RLP

ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE

Before the Court is Petitioner Francisco Daniel J.L.'s [1] ("Petitioner") Petition for Writ of Habeas Corpus, ECF No. 1, Petitioner's Motion for

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Appointment of Counsel, ECF No. 3, and Respondents' Opposition to Petition for Writ of Habeas Corpus, ECF No. 8. Having reviewed the filings and applicable law, the Court dismisses the petition without prejudice for failure to exhaust available administrative remedies and denies the motion for appointment of counsel as moot.

BACKGROUND

Petitioner is a citizen and national of Mexico who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the California City Detention Facility. ECF No. 1 at 2, 4. On June 17, 2026, Petitioner was arrested by local law enforcement in Utah on pending charges of assault, property damage, and providing false personal information. ECF No. 8-1 at 2-3. On June 23, 2026, Petitioner was released to ICE custody. *Id.* at 2. That same day, the Department of Homeland Security issued Petitioner a Notice to Appear, charging him as removable because he is present in the United States without having been admitted or paroled and lacks valid entry documents. ECF No. 8-3 at 1, 4.

As Respondents acknowledge, Petitioner is detained pursuant to 8 U.S.C. § 1226(a). ECF No. 8 at 1. On August 7, 2026, an immigration judge conducted a custody redetermination hearing under § 1226(a). ECF No. 8-2 at 1. The immigration judge denied Petitioner's request for release, finding that he posed a danger to the community and a flight risk. *Id.* Petitioner had until September 8,

2026, to appeal the immigration judge's decision. *Id.* at 2. Respondents represent that Petitioner did not appeal. ECF No. 8 at 1.

On September 8, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. 1, and Motion for Appointment of Counsel, ECF No. 3.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## DETENTION UNDER 8 U.S.C. § 1226(a)

Section 1226 governs the detention of noncitizens pending a decision on removal. Under Section 1226(a), the government may detain a noncitizen pending removal proceedings or release the noncitizen on bond or conditional parole. *See*

*Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). After the government makes an initial custody determination, a noncitizen detained under Section 1226(a) may seek a bond redetermination before an immigration judge and may appeal an adverse decision to the Board of Immigration Appeals ("BIA"). *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196-97 (9th Cir. 2022).

EXHAUSTION

Although exhaustion under 28 U.S.C. § 2241 is prudential rather than jurisdictional, the Ninth Circuit generally requires a noncitizen challenging an immigration custody determination to exhaust available administrative remedies before seeking habeas relief. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may excuse prudential exhaustion when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Section 236.1(d) of Title 8 of the Code of Federal Regulations provides an administrative remedy after an initial immigration custody determination: a detainee may seek a custody redetermination before an immigration judge and appeal an adverse determination to the BIA. 8 C.F.R. § 236.1(d) (2026). In *Leonardo*, the Ninth Circuit held that a detainee who sought habeas review of an

immigration judge's bond determination without first appealing to the BIA had taken an improper "short cut," and directed dismissal without prejudice. *Leonardo*, 646 F.3d at 1160.

ANALYSIS

Petitioner alleges his continued detention without an individualized bond hearing violates the Fifth Amendment's Due Process Clause and seeks either release or a bond hearing at which the Government bears the burden of justifying continued detention by clear and convincing evidence. ECF No. 1 at 8-17. Respondents oppose the petition, arguing primarily that Petitioner failed to exhaust his administrative remedies by failing to appeal the immigration judge's August 7 custody determination to the BIA. ECF No. 8 at 1. Respondents alternatively argue that Petitioner's detention has not become unconstitutionally prolonged. *Id.* at 1-2.

Petitioner has not exhausted the administrative remedies available to him. On August 7, 2026, an immigration judge conducted a custody redetermination hearing and denied Petitioner's request for release after finding that he posed a danger to the community and a flight risk. ECF No. 8-2 at 1. Petitioner had until September 8, 2026, to appeal that determination to the BIA. *Id.* at 2. Respondents represent that Petitioner did not appeal, ECF No. 8 at 1, and the record contains no indication that he pursued administrative review. As in *Leonardo*, Petitioner seeks federal habeas review of his detention without first obtaining available BIA review

of the immigration judge's custody determination. *See Leonardo*, 646 F.3d at 1160-61. Petitioner does not identify any basis for excusing exhaustion. Accordingly, because Petitioner has not exhausted his available administrative remedies, the Petition is dismissed without prejudice.

Petitioner's prolonged-detention claim also fails on the merits. First, although Petitioner alleges he has been detained without an individualized bond hearing, an immigration judge conducted a custody redetermination hearing on August 7, 2026, and denied release based on danger and flight risk. ECF No. 8-2 at 1.

Second, Petitioner has not shown that his detention has become unconstitutionally prolonged. Petitioner entered ICE custody on June 23, 2026, and filed this petition less than three months later. ECF No. 8-1 at 2; ECF No. 1. He also received a custody redetermination approximately six weeks into his detention. ECF No. 8-2 at 1. Under these circumstances, the duration of Petitioner's detention does not establish a due process violation. *See Rodriguez Diaz*, 53 F.4th at 1208-09, 1213-14 (9th Cir. 2022) (holding that § 1226(a)'s procedures satisfied due process where the petitioner received a bond hearing approximately two months into detention and remained detained for approximately fourteen additional months).

**Accordingly, IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

2. Petitioner's Motion for Appointment of Counsel, ECF No. 3, is **DENIED AS MOOT**.

The District Court Executive is directed to enter judgment accordingly, provide copies of this Order to counsel, and **CLOSE THE FILE**.

**IT IS SO ORDERED.** Judgment shall be entered in favor of Respondents and a copy of this order shall be transmitted to Petitioner by mail.

DATED September 18, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE